UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARGUS & ASSOCIATES, INC.,

      Plaintiff,

v.

Case No. 09-11707
Hon. Gerald E. Rosen

DELMIA CORPORATION and
DASSAULT SYSTEMES,

      Defendants.
_____/

**OPINION AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      February 18, 2010

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Argus & Associates, Inc. commenced this suit in state court in January of 2009, asserting a variety of claims against Defendant Delmia Corporation and its parent corporation, Defendant Dassault Systemes, arising from the special treatment allegedly given by Defendants to Plaintiff's competitors in the licensing and use of Defendants' copyrighted software. Defendants removed the case to this Court on May 5, 2009, on the ground that one or more of the claims asserted in Plaintiff's complaint are completely preempted by the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

By motion filed on May 21, 2009, Defendants now seek the dismissal of each of the claims asserted in Plaintiff's complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendants argue that most or all of Plaintiff's claims are preempted by the Copyright Act, and are defeated by Plaintiff's lack of standing as a non-exclusive licensee of Defendants' copyrighted software. Alternatively, to the extent that one or more of Plaintiff's claims are governed by state law, Defendants contend that these claims are deficient in various respects. In response, Plaintiff argues that Defendants have mischaracterized its claims in this case, and that these claims, properly understood, are neither preempted by the Copyright Act nor deficiently pled.

Defendants' motion has been fully briefed by the parties. Having reviewed the parties' written submissions in support of and opposition to this motion, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. This opinion and order sets forth the Court's rulings on this motion.

## II. FACTUAL BACKGROUND

Defendants' motion rests exclusively upon the allegations of Plaintiff's complaint. Accordingly, the following recitation of facts derives exclusively from this source, with Plaintiff's allegations accepted as true for present purposes.

2

Plaintiff Argus & Associates, Inc. is in the business of designing, engineering, and manufacturing robots and robotic systems for manufacturers in a variety of industries. In performing this work, Plaintiff's designers and engineers use a software package known as "iGrip," and Defendant Delmia Corporation and its parent corporation, Defendant Dassault Systemes, are the copyright holders of the iGrip software.[1]

In December of 2005, Plaintiff entered into a Master License Agreement ("MLA") with Defendant Delmia, under which Plaintiff was granted a non-exclusive license to use 38 "seats" of the iGrip software.[2] The MLA imposed upon Plaintiff the obligation to protect Defendants' copyright, through such means as (i) Plaintiff's promise that it would not allow any third parties to use the software, and (ii) the imposition of a contractual requirement that Plaintiff purchase enough "seats" of the software to cover each of its designers and engineers. When Plaintiff signed the MLA, it did so with the understanding that Defendants would "even the playing field" among their iGrip customers, and that Defendants would take action to enforce their copyright against any infringers. (Complaint at ¶ 16.)

According to the complaint, Plaintiff's understanding as to Defendants' promised "even" treatment of iGrip customers stemmed from extensive discussions between the parties in the months leading up to the execution of the MLA. In particular, Plaintiff

---

[1] In their motion to dismiss, Defendants contend that Defendant Delmia is the sole author and copyright holder of the iGrip software, but this disputed issue is not material to the Court's disposition of Defendants' motion.

[2] Each "seat" entitles one user to use the software.

allegedly notified Defendants in late 2004 that other iGrip customers were infringing Defendants' copyright by sharing only one "seat" of the product among their employees or using a demonstration version of the software. (*See id.* at ¶¶ 17-18.) At subsequent meetings in the remainder of 2004 and early 2005, Plaintiff complained to Defendants' representatives that "it would continue to lose substantial business opportunities if Defendants refused to protect their copyright in the iGrip software." (*Id.* at ¶ 19.) In response, Defendants' representatives "advised Plaintiff on several occasions that Defendants would not institute an action to halt the copyright infringement," and they instead recommended that Plaintiff take its allegations of infringement to the Federal Bureau of Investigation ("FBI"). (*Id.* at ¶¶ 20, 23.)

Pursuant to Defendants' suggestion, Plaintiff passed its information regarding infringement of Defendants' software to the FBI. The FBI commenced an investigation, and asked Plaintiff to refrain in the meantime from instituting litigation against any party involved in the investigation. In late 2008, Plaintiff was advised that the FBI had completed its investigation and that no further action would be taken. Plaintiff then commenced this suit against Defendants in January of 2009, asserting claims of (i) vicarious copyright infringement, (ii) breach of a duty of good faith and fair dealing, (iii) tortious interference with contracts, business relations, or expectancies, (iv) unfair competition, (v) breach of contract, and (vi) fraud in the inducement.

### III. ANALYSIS

**A.     The Standards Governing Defendants' Motion**

Through the present motion, Defendants seek the dismissal of each of the claims in Plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

**B.      Plaintiff's Claim of Vicarious Copyright Infringement Is Preempted by the Federal Copyright Act, and Is Subject to Dismissal for Lack of Standing.**

5

As noted earlier, the removal of this case to this Court was premised upon Defendants' contention that one or more of Plaintiff's claims are completely preempted by the federal Copyright Act, thereby permitting the recharacterization of these claims as arising under federal law. *See Ritchie v. Williams,* 395 F.3d 283, 285-87 (6th Cir. 2005) (discussing the doctrine of complete preemption, and holding that the Copyright Act is among the federal statutes that have such complete preemptive force). In seeking the dismissal of Count I of Plaintiff's complaint, captioned "Vicarious Infringement of Copyright," Defendants argue that this claim is governed by, and arises under, federal copyright law. Defendants further contend that Plaintiff, as a non-exclusive licensee, is precluded under federal copyright law from pursuing a claim of vicarious copyright infringement. The Court agrees on both scores.

In Count I of the complaint, Plaintiff alleges that Defendants are liable for vicarious infringement of their own copyright in the iGrip software, by virtue of their failure to exercise their alleged power of supervision and control over the infringing activities of their customers. As both sides agree, the courts have recognized a theory of vicarious liability for copyright infringement, provided that the defendant "enjoys a direct financial benefit from the infringing activity and has the right and ability to supervise the infringing activity." *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004) (internal quotation marks and citation omitted). Plaintiff here alleges that Defendants exercised the requisite degree of supervision or control over the activities of their infringing customers, in light of their close relationship with their "sales partners"

that have infringed the iGrip copyright. (*See* Complaint at ¶ 30.)

It is quite clear, as a threshold matter, that Plaintiff's claim of vicarious copyright infringement arises under federal copyright law. This claim would not have arisen but for some alleged transgression of the rights that the Copyright Act confers upon Defendants as owners of the copyright in the iGrip software. While it is true, as Plaintiff points out, that "the Copyright Act does not expressly impose liability on anyone other than direct infringers," the courts nonetheless "have long recognized that in certain circumstances, vicarious or contributory liability will be imposed." *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 261 (9th Cir. 1996); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930, 125 S. Ct. 2764, 2776 (2005) (explaining that the theory of vicarious infringement is a "doctrine[] of secondary liability" that "emerged from common law principles and [is] well established in the law"). Accordingly, Count I arises under the Copyright Act, with federal common law supplying the particular theory of liability advanced in this claim — *i.e.,* a theory of vicarious liability asserted against a party other than the alleged direct infringers.

It is equally clear that this claim of vicarious copyright infringement, even if pled under state law,[3] would fit comfortably within the scope of the Copyright Act's preemption provision. Under this provision, "all legal or equitable rights that are

---

[3]The complaint does not identify any statute or body of law, whether state or federal, under which this claim purportedly arises. Plaintiff's response to Defendants' motion is similarly unhelpful, characterizing Count I as "a common law business tort," (Plaintiff's Response Br. at 8), but failing to indicate whether this is a state or federal common law claim.

equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by" the Copyright Act, and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). As the Sixth Circuit has explained, a state-law claim is preempted under § 301(a) if (i) the work at issue is within the scope of the subject matter of copyright, and (ii) the rights claimed under state law are equivalent to any of the exclusive rights conferred under the Copyright Act. *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001).

These two prerequisites to § 301 preemption are met here. The claim asserted in Count I of the complaint concerns the alleged misuse of the iGrip software, which plainly is a work within the scope of the subject matter of copyright — indeed, the software actually is copyrighted. Next, the right claimed in Count I is the right to enjoy the full and fair value of the license Plaintiff purchased under the parties' Master License Agreement ("MLA"), with Plaintiff alleging that this value has been diminished by Defendants' failure to take action against the infringing activities of their other iGrip customers. The rights to regulate the distribution and use of a copyrighted work through a license are among the exclusive rights conferred under the Copyright Act. *See* 17 U.S.C. § 106; *see also S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1087 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license."). Thus, the claim in Count I cannot be resolved without determining the precise scope of the licenses granted by Defendants to Plaintiff and their other iGrip customers, licenses

which represent exercises of the rights enjoyed by Defendants under the Copyright Act. Moreover, Plaintiff alleges in Count I that Defendants owed "a duty to protect their copyright on the iGrip software for the benefit of [their] licensees." (Complaint at ¶ 29). The source of this posited duty, at least under the allegations of Count I, could only be the Copyright Act and any corresponding federal common-law principles, where § 301(a) provides that the rights enjoyed (and any attendant duties owed) by Defendants under the iGrip copyright are governed exclusively by federal copyright law. The Court finds, therefore, that any state-law claim arguably asserted in Count I of the complaint is preempted under § 301(a) of the Copyright Act, and that the removal of this vicarious copyright infringement claim to federal court was authorized under the doctrine of "complete preemption." *See Ritchie,* 395 F.3d at 286-87.[4]

Finally, the Court agrees with Defendants that Plaintiff, as a non-exclusive licensee of the iGrip software, lacks standing to pursue a claim of vicarious copyright infringement under federal copyright law. As Defendants point out, the law is well-settled that only copyright owners and exclusive licensees have standing to bring a claim

---

[4] Notably, Plaintiff has not challenged Defendants' appeal to the doctrine of "complete preemption" as the basis for the removal of this case to this Court. By way of explanation for its apparent acquiescence in the removal of this action, Plaintiff states in its response to Defendants' motion that Defendants' "notice of removal was not procedurally defective." (Plaintiff's Response Br. at 8-9 n.5.) Yet, this lack of a procedural defect would not have precluded Plaintiff from moving to remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Moreover, to the extent that Plaintiff cites 28 U.S.C. § 1338(b) as a possible basis for the Court's subject matter jurisdiction, (*see* Plaintiff's Response Br. at 8-9 n.5), a necessary predicate to jurisdiction under this provision is a "claim under the copyright, patent, plant variety protection or trademark laws," 28 U.S.C. § 1338(b). Evidently, then, Plaintiff has conceded that it has asserted at least one claim arising under federal copyright law.

9

of copyright infringement. *See, e.g., Latin American Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church,* 499 F.3d 32, 41-42 (1st Cir. 2007); *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 775 (7th Cir. 1996); *Coyne's & Co. v. Enesco, LLC,* 565 F. Supp.2d 1027, 1044 (D. Minn. 2008). Although the cases applying this principle generally involve claims against direct infringers, Plaintiff has not suggested why the Copyright Act might confer broader standing upon non-exclusive licensees to pursue claims of infringement, so long as they are proceeding under a theory of vicarious rather than direct liability. Nor has Plaintiff cited any case law in which a non-exclusive licensee was permitted to bring such a claim. Consequently, the Court finds that Plaintiff's claim of vicarious copyright infringement must be dismissed.[5]

## C. Plaintiff's Remaining Claims Are Not Encompassed by the Doctrine of Complete Preemption, and the Court Declines to Exercise Supplemental Jurisdiction Over These State-Law Claims.

Turning to the remaining five counts of Plaintiff's complaint, Defendants contend that most of these claims, too, are preempted by the Copyright Act, and therefore fail on the same grounds as Count I. The Court, however, finds that these remaining claims

---

[5]Even if Plaintiff had standing to bring this claim, Defendants note the implausibility of the premise underlying this claim — namely, that Defendants have infringed their own copyright, even if only vicariously through their iGrip customers. "It is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him." *Cortner v. Israel,* 732 F.2d 267, 271 (2d Cir. 1984); *see also Derminer v. Kramer,* 386 F. Supp.2d 905, 912 (E.D. Mich. 2005). Thus, as least so far as the Copyright Act is concerned, Defendants would be within their rights to authorize or acquiesce in the discounted (or even free) use of their iGrip software by certain of their customers, and they could not be held liable for copyright infringement by doing so. This, then, provides an additional basis for the dismissal of Plaintiff's claim of vicarious copyright infringement.

cannot properly be recharacterized as arising under federal copyright law, and it declines to exercise supplemental jurisdiction over these state-law claims now that Plaintiff's sole federal claim has been dismissed.

As discussed earlier, a claim is preempted under § 301 of the Copyright Act if it involves a work within the scope of the subject matter of copyright, and the rights sought to be vindicated under state law are equivalent to any of the exclusive rights conferred under the Copyright Act. Because each of Plaintiff's claims involves the copyrighted iGrip software, the Court assumes, for present purposes, that the first prong of this preemption standard is met. The question, then, is "whether the state common law or statutory [claims] at issue assert[] rights that are the same as those protected under § 106 of the Copyright Act." *Wrench LLC,* 256 F.3d at 455. Stated differently, under this so-called "equivalency" prong of the § 301 inquiry, "[e]quivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe upon one of the exclusive rights" conferred by the Copyright Act. 256 F.3d at 456. The courts also have considered whether a state-law claim requires a showing of an "extra element" that "changes the nature of the action so that it is qualitatively different from a copyright infringement action." 256 F.3d at 456.

Turning first to Plaintiff's contract-based claims — including Count V, a breach of contract claim, and Count II, alleging that Defendants breached an implied covenant of good faith and fair dealing — the Court finds that these claims do not satisfy the "equivalency" prong of the test for § 301 preemption. These claims rest upon allegations

that the parties entered into a contractual agreement under which Defendants either expressly or implicitly promised to enforce their copyright rights even-handedly against all of their customers. In contrast to the claim of vicarious copyright infringement in Count I, Plaintiff's contract-based claims do not posit any sort of duty arising under copyright law to enforce any of the exclusive rights conferred under § 106 of the Copyright Act. Rather, in support of Counts II and V, Plaintiff alleges that Defendants breached ***contractual*** obligations to treat Plaintiff the same as all of their other customers in licensing the use of their iGrip software. To prevail in these claims, Plaintiff would have to establish the existence and breach of such an express or implied contractual obligation, and these are "extra elements" that render these claims qualitatively different from a claim of copyright infringement. *See Wrench LLC,* 256 F.3d at 456. If federal copyright law figured in any way in the resolution of these claims, it would only be defensively, with Defendants free to argue that copyright law precludes or trumps any otherwise binding contractual promise to enforce the rights conferred under § 106.[6] Any such defensive invocation of federal copyright law would not support the recharacterization of Plaintiff's contract-based claims as arising under federal law.

Next, the Court finds that Plaintiff's Count III claim of tortious interference also survives § 301 preemption. In support of this claim, Plaintiff alleges that Defendants intentionally interfered with its current or anticipated business relationships with its

---

[6]The Court, of course, expresses no view as to the availability or viability of any such defense.

manufacturing customers by failing to take action to enforce their iGrip copyright against Plaintiff's competitors. To sustain this claim, Plaintiff cannot show simply that its business relationships or expectancies were harmed by some action (or inaction) by Defendants in the enforcement of their copyright rights. Rather, Plaintiff must establish that Defendants acted with an improper motive or through improper means to interfere with an existing or expected relationship between Plaintiff and one or more of its customers. *See Diario El Pais, S.L. v. Nielsen Co.,* No. 07CV11295, 2008 WL 4833012, at *7 (S.D.N.Y. Nov. 6, 2008); *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 552 N.W.2d 919, 925 (1996).[7] This extra element of improper motive or means serves to take this claim outside the scope of § 301 preemption, as it entails a showing beyond Defendants' mere exercise of (or failure to exercise) any rights it might possess under federal copyright law as owner of the iGrip copyright.[8]

---

[7] The parties dispute whether Plaintiff's state-law claims are governed by New York or Michigan law, but the courts of both states recognize this same element of a tortious interference claim.

[8] The Court recognizes that the Sixth Circuit has found that state-law tortious interference claims generally "are held to be preempted because the rights asserted in such claims are not qualitatively different from the rights protected by copyright." *Stromback v. New Line Cinema,* 384 F.3d 283, 306 (6th Cir. 2004). Yet, this general rule is meant to encompass claims by copyright holders that a defendant has interfered with business relationships or expectancies by engaging in the "unauthorized reproduction, distribution, performance or display" of a copyrighted work. *Stromback,* 384 F.3d at 306 (internal quotation marks and citation omitted). Plaintiff here does not (and cannot) claim that Defendants have interfered with any business relationships or expectancies arising from any interest Plaintiff holds in the iGrip copyright, because it is undisputed that Plaintiff holds no such interest. Thus, the general rule stated in *Stromback* is not applicable here.

Finally, Plaintiff's remaining two state-law claims survive § 301 preemption on essentially the same grounds. In Count IV, Plaintiff alleges that Defendants have engaged in unfair competition through the misuse of a trade secret. The Sixth Circuit has explained that "misappropriation of trade secrets claims are not preempted because they require proof of a confidential relationship, which provides the extra element required to survive preemption." *Stromback,* 384 F.3d at 303. In Count VI, Plaintiff alleges that it was fraudulently induced to enter into the MLA by Defendants' misrepresentation that they would take action to protect their copyrighted iGrip software. This claim requires a showing of a number of elements — including misrepresentation of a material fact, fraudulent intent, and reasonable reliance — that would play no part in an ordinary copyright infringement action, and that render this claim qualitatively different from an infringement claim under federal copyright law. *See Shuptrine v. McDougal Littell,* 535 F. Supp.2d 892, 895-97 (E.D. Tenn. 2008).[9]

Accordingly, only Count I of Plaintiff's complaint can be characterized as arising under federal law. Plaintiff's remaining claims are governed by state law, with issues of federal copyright law arising (if at all) only defensively. Because the Court has dismissed the sole claim in this case that lies within its federal question jurisdiction, it declines to

---

[9]The Court notes that Defendants do not argue in their motion that Plaintiff's fraudulent inducement claim is preempted by the Copyright Act. (*See* Defendants' Motion, Br. in Support at 10 (asserting that "excluding Plaintiff's fraudulent inducement cause of action (Count VI), each of Plaintiff's remaining state law claims" is preempted).)

exercise supplemental jurisdiction over Plaintiff's remaining claims, but instead elects to remand these claims to state court. *See* 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' May 21, 2009 motion to dismiss (docket #6) is GRANTED IN PART, as to Count I of Plaintiff's complaint, and is otherwise DENIED WITHOUT PREJUDICE. Upon the dismissal of Count I of the complaint, the remainder of this case will be remanded to state court.

<u>s/Gerald E. Rosen</u>
Chief Judge, United States District Court

Dated: February 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2010, by electronic and/or ordinary mail.

<u>s/Ruth Brissaud</u>
Case Manager